J. D. Waters v. D. D. Waters, Administrator, Etc.

1. In this case the court applies the ordinance of the Constitutional Convention of 1866, excluding the years of the late civil war from the statutes of limitation, to a suit brought in 1867, on an open account, contracted in 1859 and 1860.

Appeal from Galveston. Tried below before the Hon. C. B. Sabin.

The appellee, as administrator of J. C. Marrast, deceased, brought this suit against the appellant, to recover some $650, principal, money paid out and advanced for the defendant by the plaintiff's intestate, in 1859 and 1860.

The suit was commenced in April, 1867. Other facts appear in the opinion.

There being judgment against the defendant below, he appealed.

*Ballinger, Jack & Mott*, and *J. W. Harris*, for the appellant.—This suit was commenced in the District Court of Galveston county by the appellee, on the tenth day of April, 1867, to recover $650 81, with interest from the first day of January, 1861, alleged to be due upon an open account, for money advanced to and paid out for Miss Kate Waters, a niece of the said J. D. Waters. The petition alleges that these advances and payments were made in the month of December, 1859, and during the year 1860, by the said Marrast, at the special instance and request of the said J. D. Waters, said request being made verbally and in writing. That, though the said J. D. Waters has been often requested to pay the said money, he has neglected and refused, and still neglects and refuses to pay the same, or any part thereof.

It is most respectfully submitted that there is no evidence, either verbal or written, that any advance or payment was made, either at the instance or request of him, the said J. D. Waters.

It is true Miss Kate Waters, a witness introduced by the plaintiff in the court below, states " that she is the niece of Marrast, and also of J. D. Waters; that she was sent to Mobile to school by J. D. Waters, who was to pay the necessary expenses of education, and that the money was advanced to her by her uncle, Marrast, and paid out by her in her education ; that the defendant had promised her verbally, in November, 1865, to pay the account sued on, and also in May, 1866, stating it was correct, and that he would pay it as soon as possible; that the account was contracted in Alabama, where her uncle, Marrast, resided. The defendant resided in Texas. The account was forwarded by mail· from Mobile to defendant, in November, 1860."

We submit that so far as the evidence goes, it shows that the· advances were made, in the first instance, by Marrast, to his niece, on her own account or credit, and not on the account or credit of the appellee. If this be correct, then we submit that· under our statute the subsequent promise of J. D. Waters to pay this debt of another, is invalid, upon two grounds, to-wit: First, because it was made without consideration ; second, because it was not made in writing. Both of which must concur to be binding in law. (Simpson v. Patten, 4 Johnson, 422 ; Jackson v. Rayner; 12 Johnson, 291 ; Paschal's Digest, Art. 3875.)

*Hill & Hill*, for the appellee.

MORRILL, C. J.—This action was to recover a sum of money advanced to a niece of defendant, at his request.

The defenses are limitation, the statute of frauds, and a general denial.

The account runs from thirteenth December, 1859, to twenty-fifth October, 1860, calling for $650 81.

The petition was filed tenth of April, 1867.

The time from second of March, 1861, to second of September,

1866, being five years and six months, is not to be computed in the act of limitation. (Ordinance of 1866, No. 11. § 6.) The date of the first article charged in the account is thirteenth December, 1859, and the petition was filed tenth of April, 1867. From thirteenth December, 1859, to tenth of April, 1867, is seven years, three months and eighteen days; and deducting the five years and six months, there remains one year, nine months and eighteen days. This disposes of the act of limitation of two years.

The statute of frauds (Art. 3875), which provides that " no action shall be brought whereby to charge the defendant upon any special promise to answer for the debt of another person, unless the promise shall be in writing," is also relied on. But the testimony in the case is that the person " to whom the articles in the account stated were delivered, was sent to Mobile to school by defendant, who was to pay her necessary expenses of education, and that the money was advanced and paid out by her in her education."

This would make the account the defendant's own debt, and not the debt of another, and the statute of frauds has as little effect in the case as the act of limitation.

The testimony is conclusive and the jury could not have found otherwise than as set forth in their verdict.

The account was due prior to the first day of January, 1861, and draws interest from that date. (Art. 3940.)

We cannot presume that the plaintiff in error, even without the advice of his distinguished counsel, had such views of arithmetic, law or justice, as to expect a reversal of the judgment. It is clearly a case of delay, and the judgment is affirmed with damages.

Affirmed.